## DOROTHY HARDY v. STATE OF MINNESOTA, DEPARTMENT OF INDUSTRIAL COMMISSION.[1]

December 7, 1934.

No. 30,186.

Harry H. Peterson, Attorney General, and Louis F. Soukup, for relator.

Gleason & Ward and George M. Trudeau, for respondent.

HILTON, JUSTICE.

Certiorari to review a decision of the industrial commission awarding compensation to employe-respondent. Relator contends that the finding of the commission that the accidental injury sustained by the employe arose out of and in the course of her employment was unwarranted by the evidence and not in conformity with the terms of the workmen's compensation act.

Respondent, Dorothy Hardy, was employed as an investigator in the women's and minors' department of the industrial commission. She lived in Minneapolis. Her duties were to inspect and investigate employment conditions at various industries and places of business and to make written reports of her findings to her superior. The nature of her duties necessarily required her to spend the greater portion of her time outside of the office, reporting thereto

[1]Reported in 257 N. W. 497.

personally only every second or third day while working in her St. Paul territory; when working in Minneapolis she kept in touch with her superior by telephone. She was furnished street car fare when upon departmental business.

On August 24, 1933, about the middle of the day, respondent, after having alighted at Prior and Marshall avenues, St. Paul, from an eastbound Selby-Lake street car, was struck by an automobile. She was seriously injured, losing consciousness immediately and remaining in a semiconscious condition for about three months thereafter. For a time after the accident she was under guardianship, but at the time of the hearing she had been restored to capacity and discharged from the guardianship. She testified in her own behalf but was unable to remember anything that occurred the day of the accident.

Respondent had worked late the day before the accident and was given permission to take off the first few hours of the following morning, but was instructed to bring in her reports sometime during that afternoon. A Miss Bigelow testified that at about 11:30 in the forenoon of the day of the accident respondent telephoned her, inquiring if she (Miss Bigelow) could come to dinner that evening. During the conversation respondent told her that she was going to make an investigation or a check-up at about one o'clock of some establishment, mentioning the name thereof, which the witness could not remember, and that the man in charge of the place was somewhat difficult to get to coöperate with the department; that respondent stated she was taking the Selby-Lake car and mentioned Prior avenue. The witness stated that she did not remember much of the recital concerning the investigation respondent was about to make as it did not mean anything to her and she did not pay much attention. Respondent's superior, Miss Burton, corroborated Miss Bigelow as to the fact that respondent was off work that morning and that there was an establishment in respondent's territory (in the vicinity of Marshall and Prior avenues) that was under investigation and study; that the person in charge thereof was a man who had to be forced to coöperate with the department. Respondent testified that she had called at that place frequently during the

summer and that when leaving her home for that purpose she usually took the Selby-Lake street car; that when going to the office direct from her home she took a different route. At the time of the accident she was carrying a brief case containing books, etc. incident to her inspection work.

The commission was the trier of the facts. From the evidence and the reasonable inferences to be drawn therefrom, it was justified in finding, "that on said date said employe suffered an accidental injury arising out of and in the course of her employment, resulting in serious bodily injuries."

Fifty dollars attorneys' fees is allowed to the respondent.

Affirmed.